# In the
# United States Bankruptcy Court
### For the Northern District of Illinois

| | |
|---|---|
| In re:<br><br>Michael J Zinzer,<br><br>Debtor. | Eastern Division<br>Hon. Deborah L. Thorne<br><br>Case No. 21-05992<br>Chapter 13<br><br>Hearing Date: 6/30/2021<br>Hearing Time: 2:30 p.m. |

## Objection to Plan Confirmation

On May 6, 2021, Michael J Zinzer ("Debtor") filed for relief under chapter 13 of the Bankruptcy Code 11 U.S.C. § 101 *et seq.* ("Code"). The City of Chicago ("City") is a creditor and has filed Proofs of Claims in the case. See Claims Register 4-1 and 5-1. The City objects to confirmation of the Debtor's proposed chapter 13 plan [Docket 6] ("Plan"). The Plan as proposed does not comply with the requirements of the Code. The Plan fails to vest property of the estate to the Debtor upon confirmation and with no apparent justification keeps the property in the estate for the duration of the case. Accordingly, the Plan cannot be confirmed.

# OBJECTION:
# FAILURE TO VEST PROPERTY OF THE ESTATE WITH THE DEBTOR

Paragraph 7.1 of the Plan form concerns disposition of estate property and has three check boxes which provide for vesting of estate property in the debtor upon plan confirmation, upon entry of discharge, or under other circumstances. The Debtor has checked the second box, indicating that under the Plan property will vest in the Debtor upon entry of discharge, and will remain in the estate until that time.

Section 1325(a)(1) provides that as a condition of confirmation a chapter 13 plan must comply "with the provisions of this chapter[.]" On its face, the Plan appears not to comply with 11 U.S.C. § 1327(b), as interpreted by the Seventh Circuit.

Section 1327(b) provides,

> Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

In *Matter of Steenes*, 918 F.3d 554, 558 (7th Cir. 2019), the Seventh Circuit interpreted Section 1327(b) as requiring a case specific confirmation order setting forth clear reasons as to why property should vest with the estate and not the debtor upon confirmation. The case involved the Court's rejection of a standardized form order that vested a debtor's property in the bankruptcy estate upon confirmation. The Seventh Circuit subsequently applied the same reasoning to cases in which a debtor checked the box on the plan, providing that all property remains property of the estate until discharge. *Matter of Cherry*, 963 F.3d 717 (7th Cir. 2020).

In *Cherry*, the Seventh Circuit to further explained its holding in *Steenes*. After *Steenes*, the form confirmation order was revised to remove the conflict with the statutory presumption of Section 1327(b), but debtors continued to achieve the same result by utilizing the check box in Section 7.1 of the form plan. In *Cherry*, the Court reiterated that it "held in [*Steenes*] that the statutory presumption—'confirmation of a plan vests all of the property of the estate in the debtor'—means that there must be a good case-specific reason for doing otherwise. Whether the debtor (by checking a box) or the judge (through a form order) proposes the departure from the statutory norm does not affect the need for justification." *Id.* at 719. The Court further explained that a debtor is only entitled to confirmation of a plan that satisfies not just 11 U.S.C. § 1325(a), but also complies with the other provisions of chapter 13 and Title 11. *Id.* "Section 1327(b) is one of those provisions" and "[i]t need not be mentioned separately in § 1325." *Id.* The Court's analysis of the standardized checkbox form plan concluded with a definitive statement: "A bankruptcy court may confirm a plan that holds property in the estate only after finding good case-specific reasons for that action." *Id* at 720.

Nothing on the face of Debtor's Plan provides any justification for retention of all property in the estate post-confirmation. Debtor has neither specified a reason nor implied a reason as to why any property should vest with the bankruptcy estate upon confirmation. The Seventh Circuit affirmatively held in *Steenes*, and reiterated in *Cherry*, that a debtor's need or desire for a car to work to earn money to fund the plan, or to insulate the car from enforcement for post-petition tickets, is not sufficient.

3

*Steenes*, 918 F.3d at 557-58; *Cherry*, 963 F.3d at 719. Unless the Debtor can establish other case specific reasons to vest the property in the estate, the Plan cannot be confirmed.

## CONCLUSION

The proposed Plan here would retain all property in the estate for the duration of the case with no apparent justification. Pursuant to *Cherry*, confirmation should therefore be denied.

DATED: 6/23/2021

RESPECTFULLY SUBMITTED,

**THE CITY OF CHICAGO**

Celia Meza
Acting Corporation Counsel

By: /s/ Jaime Dowell
    Assistant Corporation Counsel

Celia Meza
Acting Corporation Counsel
Jaime Dowell (ARDC# 6281312)
Assistant Corporation Counsel
**CITY OF CHICAGO, DEPARTMENT OF LAW**
Chicago City Hall
121 N. LaSalle St., Ste. 400
Chicago, IL 60602
Tel:    (312) 742-0056
Email: jaime.dowell@cityofchicago.org

## CERTIFICATE OF SERVICE

I, Jaime Dowell, an attorney, hereby certify that on 6/23/2021, I caused a copy of the attached City of Chicago's Objection to Plan Confirmation to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

/s/ Jaime Dowell

## SERVICE LIST

**Registrants**
(Via CM/ECF)

| | |
|---|---|
| Andrew F Ames | aames@semradlaw.com |
| Marilyn O. Marshall | courtdocs@chi13.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |